IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NICOLE M. BURLEY, | * |
| Plaintiff, | * |
| v. | *   Civ. No. MJM-25-747 |
| ANDRE J. BRENNER, et al., | * |
| Defendants. | * |

## MEMORANDUM

This matter is before the Court on defendant Truist Bank's ("Truist") Motion for Judgment on the Pleadings (ECF No. 10) and self-represented plaintiff Nicole M. Burley's ("Plaintiff") Motion for Leave to File Surreply (ECF No. 15) and Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 16). For reasons explained herein, Plaintiff's Motion for Leave to File Surreply will be granted, Truist's Motion for Judgment on the Pleadings shall be granted, and Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction will be denied.

### I.  BACKGROUND

Self-represented plaintiff Nicole M. Burley ("Plaintiff") filed this civil action against Andre J. Brenner, Richard R. Goldsmith, Jr., Jacob Geesing, Howard N. Bierman, Carrie M. Ward, Daniel Driefuss, Phillip Shriver, Nicholas Derdock, Elizabeth C. Jones, Eric VandeLinde, BWW Law Group, LLC, and Truist Bank (collectively, "Defendants") for "breach of contract, failure to establish standing to enforce a lien, and other wrongful actions that have caused significant harm"

1

resulting from a foreclosure proceeding regarding residential property in Waldorf, Maryland (the "Property"). *See* Complaint, ECF No. 1, at 1. Plaintiff's Complaint is substantially lacking in factual detail and clarity.[1] However, the Court takes judicial notice of a foreclosure action pending in the Circuit Court for Charles County, Maryland, in which the individual defendants named in the instant action are plaintiffs and Plaintiff is the named defendant. *See Goldsmith, et al. v. Burley*, Case No. C-08-CV-24-000727 (the "Foreclosure Action"). Truist Bank ("Truist") is the holder of the Note and Deed of Trust associated with Plaintiff's mortgage for the Property. The individual defendants named in the instant action are substitute trustees under the Deed of Trust who brought the Foreclosure Action on Truist's behalf. BWW Law Group is the law firm representing the substitute trustees in the Foreclosure Action. The substitute trustees filed the Foreclosure Action in the Charles County Circuit Court on September 24, 2024.

Plaintiff filed the instant lawsuit in the Charles County Circuit Court on January 10, 2025. Plaintiff alleges "breach of contract, failure to establish standing to enforce a lien, and other wrongful actions" arising from the Foreclosure Action. ECF No. 3 at 2. Among other forms of relief, Plaintiff requests dismissal of the Foreclosure Action, removal of the lien on the Property, and monetary damages. *Id.* at 7–8.

On February 4, 2025, in the Foreclosure Action, Plaintiff filed a "Motion for Temporary Restraining Order to Suspend Foreclosure Action until Original Documents, Proof of Consideration, and Chain of Title are Provided and Verified" (the "February 4 Motion"), which demanded that the trustees produce the original promissory note, proof of consideration, complete chain of title, and a showing of authority to proceed with the foreclosure action, among other

---

[1] In her Complaint, Plaintiff cites to two cases that do not exist. Plaintiff is admonished that she shall confirm that her citations are to actual and applicable legal authorities. Any citations to authorities that do not exist in future filings may subject her to sanctions.

2

things. ECF No. 10-5. The state court denied the February 4 Motion February 24, 2025. ECF No. 10-6.

Truist removed the instant case to this Court on March 6, 2025, ECF No. 1, and filed an Answer to the Complaint on March 13, 2025, ECF No. 7.

On March 26, 2025, in the Foreclosure Action, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction (the "March 26 Motion"), arguing that the trustees had failed to provide original documentation, had not proved their interest in the deed or a valid chain of title, and had misrepresented the terms of the obligation. ECF No. 10-7. The state court denied the March 26 Motion on April 14, 2025. ECF No. 10-8. On April 21, 2025, Plaintiff filed an Amended Motion to Stay and Dismiss Foreclosure Proceedings in the Foreclosure Action. ECF No. 15-1.

On May 5, 2025, in the instant case, Truist filed a Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. ECF No. 10. On May 22, 2025, Plaintiff filed a response in opposition to Truist's motion. ECF No. 11. On June 11, 2025, Truist filed a reply in support of its motion. ECF No. 14. On June 18, 2025, Plaintiff filed a Motion for Leave to File Surreply. ECF No. 15.

In the Foreclosure Action, on June 26, 2025, and July 9, 2025, the state court denied Plaintiff's motions to dismiss and stay that proceeding. *See Goldsmith, et al. v. Burley*, Case No. C-08-CV-24-000727 (Md. Cir. Ct. Charles Cnty.).

In the instant case, on July 17, 2025, Plaintiff filed an Emergency Motion for Temporary Restraining Order seeking an injunction against any foreclosure sale or enforcement action on the Property and other injunctive relief. ECF No. 16. Truist filed a response in opposition to this motion. ECF Nos. 17, 18. Plaintiff filed a reply. ECF No. 19.

## II. MOTION FOR LEAVE TO FILE SURREPLY

Plaintiff's Motion for Leave to File Surreply (ECF No. 15) shall be granted.

"Surreplies are highly disfavored in this District." *Roach v. Navient Sols., Inc.*, 165 F. Supp. 3d 343, 351 (D. Md. 2015). Surrreplies are not permitted unless so ordered by the court pursuant to Local Rule 105.2.a and when the "moving party would otherwise be unable to contest matters presented to the court for the first time in the opposing party's reply." *Reamer v. State Auto. Mut. Ins. Co.*, 556 F. Supp. 3d 544, 550 (D. Md. 2021) (citing *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003)).

Here, Plaintiff contends that a surreply is necessary to correct a factual error presented in Truist's reply brief. Plaintiff disputes Truist's assertion that Plaintiff's motions to stay and dismiss the Foreclosure Action were denied twice by the state court. Plaintiff's surreply motion was filed on June 18, 2025, when at least one motion to stay was still pending in the Foreclosure Action. In its discretion, the Court will permit Plaintiff's surreply.

Plaintiff's dispute as to the status of her motion to stay is noted, but the Court also notes that Plaintiff's motion to dismiss and stay the Foreclosure Action was denied by the state court on June 26, 2025, after Plaintiff filed her surreply motion. As explained in Part III *infra*, the state court's disposition of the Plaintiff's motion to dismiss and stay constitutes a final judgment for res judicata purposes and, therefore, warrants dismissal of the instant case.

## III. MOTION FOR JUDGMENT ON THE PLEADINGS

### A. Standard of Review

A Rule 12(c) motion for judgment on the pleadings tests the sufficiency of the complaint after the pleadings are closed. *See* Fed. R. Civ. P. 12(c); *Butler v. United States*, 702 F.3d 749, 751–52 (4th Cir. 2012); *W.C. & A.N. Miller Dev. Co. v. Cont'l Cas. Co.*, 814 F.3d 171, 175–76

(4th Cir. 2016). The standard of review for Rule 12(c) motions is the same as that for Rule 12(b)(6) motions to dismiss. *Butler*, 702 F.3d at 751–52; *W.C. & A.N. Miller Dev. Co.*, 814 F.3d at 175–76. A plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007). However, "a court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Brennan v. Deluxe Corp.*, 361 F. Supp. 3d 494, 502–03 (D. Md. 2019) (quoting *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015)).

    **B. Analysis**

    Truist makes several arguments in support of its Motion for Judgment on the Pleadings: (1) the claims asserted by Plaintiff in the instant case are barred by res judicata and, alternatively, by collateral estoppel; (2) Maryland law requires Plaintiff to litigate her claims as part of the Foreclosure Action; and (3) Maryland law precludes Plaintiff from suing to invalidate the Deed of Trust and remove a lien on the Property while the Foreclosure Action is pending. ECF No. 10. Plaintiff argues in her response to the motion that "newly obtained evidence" creates a factual

5

dispute as to whether the substitute trustees have standing to enforce the promissory note and proceed with foreclosure. ECF No. 11. She further argues that granting Truist judgment on the pleadings in the face of this factual dispute would violate her due process rights. *Id.*

Addressing Plaintiff's argument first, the substitute trustees are not seeking to enforce the promissory note or proceed for foreclosure *in this civil action that Plaintiff filed*. Any challenge to their standing in the Foreclosure Action has no place in the instant suit.

Notably, Plaintiff fails to address, respond to, or dispute any of the several arguments Truist makes in support of its motion. Therefore, she concedes that this civil action is barred for the several reasons cited by Truist. *See Stenlund v. Marriott Int'l, Inc.*, 172 F. Supp. 3d 874, 887 (D. Md. 2016) ("In failing to respond to [defendant's] argument[,] Plaintiff concedes the point.").

Even without Plaintiff's concession, the pendency of the Foreclosure Action bars the instant suit under Maryland law. In Maryland, "a pending foreclosure proceeding is a bar to a quiet title claim." *Quattlebaum v. Bank of Am., N.A.*, Civ. No. PWC-18-1978, 2019 WL 2076734, at *3 (D. Md. May 10, 2019) (citing *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 197 n.1 (4th Cir. 2014), and Md. Code Ann., Real Prop. § 14–108(a)). Section 14-108(a) provides that "a person in 'peaceable possession of property' may maintain a quiet title action only 'if an action at law or proceeding in equity is not pending to enforce or test the validity of the title, lien, encumbrance, or other adverse claim.'" *Quattlebaum*, 2019 WL 2076734, at *3 (quoting Md. Code Ann., Real Prop. § 14–108(a)). Plaintiff's claims in the instant case are subject to dismissal for this reason alone. *See Haley v. Corcoran*, 659 F.Supp.2d 714, 721 (D. Md. 2009) ("Because the foreclosure action is still pending, [plaintiffs'] quiet title claim against [defendant] will be dismissed."); *Braxton v. Citibank, N.A.*, Civ. No. AW-11-00742, 2011 WL 4368011, at *2 (D. Md. Sept. 15, 2011) ("[A] quiet title action cannot be maintained in Maryland while an underlying foreclosure

suit is pending."); *Talley v. Ocwen Loan Servicing, LLC*, Civ. No. TJS-18-52, 2018 U.S. Dist. LEXIS 95122, at *10 (D. Md. June 6, 2018) ("Because a foreclosure proceeding remains pending against the Property that is the subject of [plaintiff's] Complaint, Maryland law prohibits him from bringing a quiet title claim.").

Finally, Plaintiff's Complaint in the instant case may be dismissed as an impermissible attack on the Foreclosure Action. "In Maryland, a party may challenge a foreclosure action in one of three ways: (1) filing a motion to stay or dismiss prior to sale pursuant to Md. Rule 14-211; (2) filing post-sale exceptions under Md. Rule 14-305(d); or (3) challenging the post-sale audit." *Id.* at *9 (citing *Thomas v. Nadel*, 427 Md. 441, 443, 48 A.3d 276 (2012)). Maryland law is "clear that if a person wants to object to a foreclosure, she must do so in the context of the foreclosure proceedings instituted against her." *Gill v. Dore*, Civ. No. JFM-12-645, 2012 WL 1927581, at *1 (D. Md. May 25, 2012) (citing *Jones v. Rosenberg,* 178 Md.App. 54, 940 A.2d 1109 (2008), and *Greenbrier Condominium v. Brooks*, 387 Md. 683, 878 A.2d 528, 566 (2005)). Plaintiff has sought a dismissal and/or stay of the Foreclosure Action in that proceeding before the state court, and this effort, to date, has failed. Her failure to obtain relief from the foreclosure proceeding in state court does not give her a second cause of action to challenge that proceeding.

For each of the foregoing reasons, the Court shall grant Truist's Motion for Judgment on the Pleadings and dismiss Plaintiff's claims against Truist.

### IV.    MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Awarding the extraordinary remedy of preliminary injunctive relief requires "a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A party seeking preliminary injunctive relief must demonstrate (1) that it is likely to succeed on the merits of its claims, (2) that it is likely to suffer irreparable harm in the absence of

preliminary relief, (3) that the balance of the equities tips in its favor, and (4) that an injunction is in the public interest. *Vitkus v. Blinken*, 79 F.4th 352, 361 (4th Cir. 2023) (citing *Winter*, 555 U.S. at 20). Here, Plaintiff is unlikely to succeed on the merits. Plaintiff's claims in the instant action against Truist are dismissed for reasons stated in Part III. Her claims against the substitute trustees and the law firm representing them in the Foreclosure Action are not likely to fare any better. *See Giannasca v. Bank of Am., N.A.*, Civ. No. ELH-17-2110, 2018 WL 6046814, at *9 (D. Md. Nov. 19, 2018) ("Under the qualified privilege doctrine, in the absence of actual malice, attorneys are protected from civil liability as to their clients' litigation adversaries or third parties for claims that are 'based on words written or spoken in the course of a judicial proceeding.'") (quoting *O'Brien & Gere Eng'rs, Inc. v. City of Salisbury*, 222 Md. App. 492, 522, 113 A.3d 1129, 1147 (2015); *Sherman v. Litton Loan Servicing, L.P.*, 796 F.Supp.2d 753, 760 (E.D. Va. 2011) (granting substitute trustee's motion to dismiss because there were no substantive allegations alleged against it); *Dempsey v. Transouth Mortg. Corp.*, 88 F.Supp.2d 482, 484–85 (W.D.N.C. 1999) (finding a substitute trustee in a foreclosure-related litigation to be "clearly a nominal party at best" because the trustee "did not have … any interest in this suit").

## V.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File Surreply is granted, Truist's Motion for Judgment on the Pleadings is granted, and Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is denied.

A separate Order will issue.

July 25, 2025
Date

Matthew J. Maddox
United States District Judge

8